1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  BRENT A. WHITTLESEY (Cal. State Bar No. 73493)
   Assistant United States Attorney
6  Asset Forfeiture Section
        1400 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-5421
        Facsimile: (213) 894-0142
9       E-mail: brent.whittlesey@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11

12                    UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                         WESTERN DIVISION

15 UNITED STATES OF AMERICA,              No. 2:21-cv-04641

16          Plaintiff,                    **VERIFIED COMPLAINT FOR FORFEITURE**

17               v.                       18 U.S.C. § 981(a)(1)(A) and (C)

18 CERTAIN REAL PROPERTY COMMONLY         [FBI]
   KNOWN AS 9132 TEXAS STREET,
19 ROBELINE, LOUISIANA,

20          Defendant.

21

22

23      The United States of America brings this claim against defendant

24 Certain Real Property Commonly Known as 9132 Texas Street, Robeline,

25 Louisiana, and alleges as follows:

26                      **JURISDICTION AND VENUE**

27      1.   This is a civil forfeiture action brought pursuant to

28 18 U.S.C. § 981(a)(1)(A) and (C).

2.     This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4.     Plaintiff in this action is the United States of America.

5.     The defendant is Certain Real Property Commonly Known As 9132 Texas Street, Robeline, Louisiana ("defendant real property"), and consists of the following:

> That certain piece, parcel or plot of land in the Village of
> Robeline, Natchitoches Parish, Louisiana described as having
> front of 73 on the West side of Texas Street by a depth between
> parallel lines of 130 feet, which lot is bounded West by
> Blackshear, East by Texas Street, North by Flores and South by
> Idom, together with all buildings and improvements thereon.
> Named APN: 0063001390.

6.      A mobile home described as a 2016 CMH/SE The Jager, 16 x 80, serial number RUS069347AL ("mobile home") is located on the defendant real property and is included therein.

7.     The title report on the defendant real property indicates that title to the defendant real property is vested in Cheri Amanda Silva ("Silva"), a single woman.

8.     The mobile home is registered in the state of Louisiana in the name of Marvin L. Freeman II ("M. Freeman") and Jennifer Freeman ("J. Freeman").  They sold the defendant real property to Silva.

9.     The interests of Silva, M. Freeman, and J. Freeman may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

10.   This complaint arises from an investigation by the Federal Bureau of Investigation of a fraudulent Personal Protection Equipment[1] ("PPE") scheme using wire transfers to transfer money at the request of the fraudsters.

SUMMARY OF FRAUDULENT SCHEME

11.   As set forth in more detail below, co-conspirator Christopher Badsey ("Badsey") represented to victims that he was selling PPE that was deliverable in short order during a time period when there was an increased demand for PPE, and there was an international shortage of PPE due to the COVID-19 pandemic.  Badsey under false pretenses caused victims to wire money to Badsey and associates of Badsey, directly or indirectly through transfers to other accounts, including accounts held by Silva, some of which were then used to purchase the defendant real property.

12.   From at least April 28, 2020 through at least October 29, 2020, Silva received proceeds from the PPE scheme through transfers of funds from Badsey and Badsey's associate Hal Williams' ("Williams") bank accounts.

13.   During the time period April 17, 2020 (account opening date) through October 29, 2020, Silvia received deposits totaling approximately $1,682,787 into FSNB, NA bank account number ending 5165 ("FSNB 5165").  Approximately $1,680,000 or 99% of those deposits were from sources related to the PPE wire fraud scheme conducted by Badsey.  These deposits included the following:

---

[1] PPE is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses.

a.    On or about June 18, 2020, three cashier's checks totaling $390,000 were deposited into FSNB 5165 which were purchased with funds from Bank of America account ending in 9161 held in the name of First Defense Security Services Corp. ("BOA 9161").  Signers on the account were Badsey and Williams.  In the three days prior to the purchase of the cashier's checks, BOA 9161 received approximately $2,231,990 of proceeds from victims of the PPE wire fraud scheme. Approximately 99% of the deposits in BOA 9161 came from victims of the PPE wire fraud scheme.

b.    On or about July 20, 2020, a cashier's check in the amount of $600,000 was deposited into FSNB 5165, which was purchased with funds from Union Bank account ending in 5494 ("UB 5494") held in the names of Williams and Janis Williams. Two days prior to the cashier's check being purchased, UB 5494 received a wire transfer in the amount of $1,050,000 from a PPE wire fraud scheme victim.

14.   Between August 20, 2020 and October 20, 2020, Silva deposited cashier's checks totaling $666,000 into FSNB 5165 from Badsey's Wells Fargo Bank Account ending in 1794 ("WFB 1794").  WFB 1794 was funded 99.9% with a cashier's check in the amount of $1,000,000 from UB 5494 held by Williams.  The day before the $1,000,000 cashier's check was purchased with funds in UB 5494, UB 5494 received a wire transfer in the amount of $1,000,000 from a PPE wire fraud scheme victim.

PPE WIRE FRAUD SCHEME PROCEEDS

15.   Between April 17, 2020, and October 29, 2020, disbursements from Silva's FSNB 5165 account totaled approximately $1,287,970.73.

16.   On or about August 19, 2020, Silva, using FSNB 5165, purchased a cashier's check in the amount of $58,067.64 payable to

4

1 Complete Title, for the purchase of the defendant real property from

2 Marvin L. Freeman, II and Jennifer McCall Freeman.  The sales price

3 of the property was $57,000.

4    17.  Other disbursements from the account included payments for

5 the purchase of additional real estate, including a residence for

6 Silva and a restaurant/bar, two cars, a boat and its trailer, two All

7 Terrain Vehicles ("ATVs"), a camper, and a tractor.  No payments were

8 made to businesses which could be identified as PPE suppliers.

9    18.  On March 1, 2021, the FBI obtained seizure warrants for

10 items purchased by Silva from her FSNB 5165 with proceeds of the PPE

11 wire fraud scheme, including two cars, a boat and its trailer, a

12 camper, two ATVs, and a tractor.  On March 3, 2021, the FBI executed

13 the seizure warrants and interviewed Silva.  Silva admitted to

14 receiving over a million dollars from Badsey and using that money to

15 purchase the items which were being seized that day.  She also

16 admitted to using the money to purchase her residence in Robeline,

17 Louisiana, and a restaurant which had not yet opened, which

18 investigators determined to be the Swamp Frog Bar and Grill located

19 in Zwolle, Louisiana.  Silva stated she was not employed, and her

20 only source of money was from Badsey.

21                          **FIRST CLAIM FOR RELIEF**

22    19.  Based on the above, plaintiff United States of America

23 alleges that the defendant real property constitutes or is derived

24 from proceeds traceable to violations of 18 U.S.C. § 1343 (wire

25 fraud), which is a specified unlawful activity as defined in 18

26 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B).  The defendant real property

27 is therefore subject to forfeiture pursuant to 18 U.S.C.

28 § 981(a)(1)(C).

1

**SECOND CLAIM FOR RELIEF**

2        20.   Based on the above, plaintiff alleges that the defendant

3 real property constitutes property involved in multiple transactions

4 or attempted transactions in violation of 18 U.S.C. § 1957(a), or

5 property traceable to such property, with the specified unlawful

6 activity being a violation of 18 U.S.C. § 1343 (wire fraud).  The

7 defendant real property is therefore subject to forfeiture pursuant

8 to 18 U.S.C. § 981(a)(1)(A).

9        WHEREFORE, plaintiff United States of America prays:

10       (a)   that due process issue to enforce the forfeiture of the

11 defendant real property;

12       (b)   that due notice be given to all interested parties to

13 appear and show cause why forfeiture should not be decreed;

14       (c)   that this Court decree forfeiture of the defendant real

15 property to the United States of America for disposition according to

16 law; and

17 ///

18 ///

19

20

21

22

23

24

25

26

27

28

1    (d)  for such other and further relief as this Court may deem

2  just and proper, together with the costs and disbursements of this

3  action.

4  Dated: June 7, 2021                    TRACY L. WILKISON
                                          Acting United States Attorney
5                                         SCOTT M. GARRINGER
                                          Assistant United States Attorney
6                                         Chief, Criminal Division
                                          STEVEN R. WELK
7                                         Assistant United States Attorney
                                          Chief, Asset Forfeiture Section
8

9
                                            /s/ *Brent A. Whittlesey*
10                                        BRENT A. WHITTLESEY
                                          Assistant United States Attorney
11
                                          Attorneys for Plaintiff
12                                        UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Heather Campbell, hereby declare that:

1.   I am a Special Agent with the Federal Bureau of Investigation and I am a case agent for the forfeiture matter entitled <u>United States v. Certain Real Property Commonly Known as 9132 Texas Street, Robeline, Louisiana</u>.

2.   I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.   Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed _June 4_____, 2021 in Los Angeles, California.

_Heather Campbell_

HEATHER CAMPBELL
Special Agent
FEDERAL BUREAU OF INVESTIGATION